COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


NATIONAL CENTER FOR STATE COURTS
AND
CHUBB GROUP OF INSURANCE COMPANIES          MEMORANDUM OPINION[*]
                                                PER CURIAM
v.   Record No. 2028-96-1                    DECEMBER 17, 1996

CHARLOTTE ANN WESTOVER


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Frank R. Kearney; Jeffrey R. Dion; Mell,
              Brownell & Baker, on brief), for appellants.

              (Byron A. Adams, on brief), for appellee.



     National Center for State Courts and its insurer

(hereinafter collectively referred to as "employer") appeal a

decision of the Workers' Compensation Commission awarding

benefits to Charlotte Westover.  Employer contends that the

commission erred in finding that Westover proved that her neck

symptoms were causally related to her compensable December 16,

1993 injury by accident.  Finding no error, we affirm.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App.

         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

684, 688, 376 S.E.2d 814, 817 (1989).

Claimant testified that her shoulder ached and became spasmatic, which in turn caused a burning pain across her shoulder bone to the base of her neck on the right side. In holding that claimant proved her neck symptoms were causally related to her December 16, 1993 work-related shoulder injury, the commission found as follows:

> The medical records show that the claimant first sought treatment on February 8, 1994, for right shoulder problems. When Dr. Greene examined the claimant on February 16, 1994, he noted that she suffered from right trapezius muscle spasm. The physical therapist's March 18, 1994, letter to Dr. Greene stated that the "Treatment is presently consisting of moist heat and ultrasound to her right cervical spine and shoulder." The history of trapezius muscle symptoms manifesting in cervical pain is well-documented throughout the claimant's course of treatment with both Dr. Greene and Dr. Moore. We believe it is reasonable to infer that the pain resulting from the right trapezius muscle spasm and the treatment necessitated thereby were causally related to the claimant's compensable injury.

Claimant's testimony and the medical records provided credible evidence from which the commission could infer that claimant's shoulder injury caused referred pain symptoms in her neck. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Moreover, in light of claimant's testimony and the medical

2

records, the commission was entitled to give little weight to Dr. Moore's October 4, 1995 opinion.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.